UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| GEORGE GILLETT, | Plaintiff |
| v. | Civil Action No. 3:19-cv-00260-RGJ |
| SPIRIT COMMERCIAL AUTO RISK RETENTION GROUP, INC., CTC TRANSPORTATION INSURANCE SERVICES, LLC, and SARMAN TRUCKING, LLC, | Defendants |

**MEMBER CASE**:

| | |
|---|---|
| GEORGE GILLETT, | Plaintiff |
| v. | Civil Action No. 3:20-cv-00058-RGJ |
| THOMAS MULLIGAN, et al., | Defendants |

## MEMORANDUM OPINION & ORDER

Defendant Spirit Commercial Auto Risk Retention Group, Inc. ("Spirit") moves the Court to reconsider its Order [DE 86] denying Spirit's motion to dismiss [DE 11] Plaintiff George Gillett's ("Gillett") complaint for lack of subject matter jurisdiction. [DE 86]. The motion is fully briefed [DE 93; DE 102]. Spirit also moves for a hearing. [DE 103]. For the reasons below, the Court **GRANTS IN PART** Sprit's motion to reconsider, **DENIES** Spirit's motion for hearing, **STAYS** Gillett's claims against Spirit pending the liquidation proceedings in Nevada, and **AMENDS** the last paragraph of Section II.B.7 of its prior ruling on Sprit's motion to dismiss [DE 74 at 2023] in accordance with this Order.

## I. BACKGROUND

The full facts and background are in the Court's previous order [DE 74]. On January 11, 2019, the Nevada Commissioner of Insurance petitioned the Eighth Judicial District Court of the State of Nevada ("Liquidation Court") for an order appointing a Receiver over Spirit. On January 18, 2019, the Liquidation Court issued a temporary restraining order appointing the Nevada Commissioner of Insurance as Temporary Receiver over Spirit. [DE 11-1]. On February 21, 2019, Gillett filed this action against Spirit seeking a judgment against Spirit for the full amount of the judgment obtained against Sarman up to the state limit of the MCS-90 endorsement. Gillett also seeks from Spirit any equitable, declaratory, injunctive, and other relief to which Gillett is entitled, including, but not limited to, an order or decree directing Spirit (and CTC[1]) to pay in full the judgment entered against Sarman. [DE 1-2]. On February 27, 2019, the Liquidation Court issued a permanent injunction ("Injunction") and appointed the Nevada Commissioner of Insurance as the Permanent Receiver over Spirit. [DE 11-1 at 176].

The Court denied Spirit's motion to dismiss for lack of jurisdiction, finding that it has jurisdiction and declining to dismiss the claim against Spirit. [DE 74 at 2021-23]. Spirit asks the Court to reconsider its opinion due to an error of law. Gillett argues that motions for reconsideration are improper and the Court did not err as a matter of law. Although Spirit moved under Fed. R. Civ. P. 60(b)(6), the catch-all provision of Rule 60(b), the Court construes Spirit's motion as one under Fed. R. Civ. P. 60(b)(1) to alter, amend, or vacate the Court's order for a mistake of law or fact.

---

[1] CTC Transportation Insurance Services, LLC ("CTC").

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b) provides that a court "may relieve a party or its legal representative from final judgment, order, or proceeding" for many reasons. Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." Relief under Rule 60(b)(1) is proper "in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)).

The issue here is whether the Court's opinion denying Spirit's motion to dismiss contained a substantive mistake of law or fact. Spirit argues that the Court's finding did not accurately reflect Spirit's position or the holding in *AmSouth Bank v. Dale*, 386 F.3d 763, 781 (6th Cir. 2004). Specifically, Spirit argues that the following paragraph, in denying Spirit's motions to dismiss, reflects a mistake of law or fact:

> Even so, Spirit also acknowledges that "declaratory rights action . . . would not impair the operation of insurance insolvency law and that the McCarran–Ferguson Act therefore would not preclude the Court from exercising jurisdiction over the action." [DE 36 at 476 (citing *AmSouth Bank v. Dale,* 386 F.3d 763, 781 (6th Cir. 2004) ("the threatened declaratory judgment actions against insolvent insurance companies for the purpose of evading liability in a threatened common-law coercive action by the insurance companies have only an attenuated connection to regulating the business of insurance")]. Given the limited scope of the relief sought against Spirit, the Court has jurisdiction and will not dismiss the claim against Spirit.

[DE 74 at 2023]. Spirit disputes this characterization of its reliance on *AmSouth Bank* as inaccurate. Spirit argues that although *AmSouth Bank* held that a declaratory action brought by banks could not impair the operation of the business of insurance so that the McCarran-Ferguson Act would reverse

3

preempt federal jurisdiction, *AmSouth Bank* states the following in *dicta* that supports Spirit's reverse preemption argument:

> Because state liquidation proceedings of insolvent insurers are exactly the sort of intricate state regulation on behalf of state-resident policyholders that these doctrines [McCarran-Ferguson Act reverse preemption and *Burford* abstention] are intended to protect, these arguments have some force when angry creditors attempt to sue insolvent insurance companies in federal court to jump ahead in the queue of claims, but they have less force here, where the insurance companies are themselves the natural plaintiffs, as Receivers vociferously argue.

*AmSouth Bank*, 386 F.3d at 780. Further, Spirit disputes the Court's implication that Gillett is merely seeking a declaratory judgment.

The Court understands Spirit's argument and citation to *AmSouth Bank*. The Court also understands and clarifies for purposes of this Order that Gillet is seeking a money judgment from Spirit, not only a declaration of rights.   [DE 1-2; DE 35 at 404 n.15]. The Court sees two issues: (1) does Kentucky's Insurers Rehabilitation and Liquidation Law ("IRLL") reverse preempt, under the McCarran-Ferguson Act, this Court's subject-matter jurisdiction?; and (2) if not reverse-preempted, should this Court exercise *Burford* abstention? For the reasons stated below, the IRLL does not reverse-preempt the Court's subject-matter jurisdiction, but the Court exercises discretion under *Burford* to stay Gillett's claim against Spirit pending resolution of the matter in the Nevada Liquidation Court.

<u>1. Is the Court's jurisdiction over Gillett's claim against Spirit reverse-preempted by the IRLL under the McCarren-Ferguson act</u>?

Defendant CTC removed this case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. As discussed in the Court's prior Order [DE 74 at 2009-11], the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b). Thus the Court has subject-matter jurisdiction to adjudicate this dispute. However, Spirit argues that because the

4

IRLL vests exclusive jurisdiction to the Liquidation Court in Nevada, that under the McCarran-Ferguson act, this Court's diversity jurisdiction is reverse-preempted by the IRLL.

When a state law conflicts with a federal law, generally the federal law preempts the state law, rendering the state law without effect. U.S. Const. art. VI, cl. 2; *Altria Group, Inc. v. Good,* 555 U.S. 70, 76 (2008). But the McCarran–Ferguson Act carved out an exception to this general rule when state laws regulate the "business of insurance." 15 U.S.C. § 1011 et seq. Congress sought, under the Commerce Clause as derived in Article I, Section 8 of the United States Constitution, to prevent general federal laws from interfering with state insurance regulations. *See AmSouth Bank v. Dale*, 386 F.3d 763, 780 (6th Cir. 2004); *Am. Ins. Ass'n v. Garamendi*, 539 U.S. 396, 428 (2003). McCarran–Ferguson establishes situations of "reverse preemption," where a state law preempts the federal law. "No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance . . ." 15 U.S.C. § 1012(b). In order for the McCarran–Ferguson Act to reverse preempt a federal law, (1) the state statute must have been enacted to regulate the business of insurance, (2) that federal statute must not specifically relate to the business of insurance, and (3) applying the federal law would "invalidate, impair, or supersede" the state statute. *Humana Inc. v. Forsyth*, 525 U.S. 299, 307 (1999).

Kentucky adopted a comprehensive regulatory scheme for insurance. *Nichols v. Vesta Fire Ins. Corp.*, 56 F. Supp. 2d 778, 780 (E.D. Ky. 1999). Kentucky's IRLL requires that:

> In a liquidation proceeding in a reciprocal state against an insurer domiciled in that state, claimants against the insurer who reside within this state may file claims either with the ancillary receiver, if any, in this state, or with the domiciliary liquidator. Claims must be filed on or before the last dates fixed for the filing of claims in the domiciliary liquidation proceeding.

KRS 304.33-570. Nevada and Kentucky are reciprocal states. [DE 11-1 at 179]. No ancillary receiver has been established in Kentucky. Spirit thus argues that only the Liquidation Court in Nevada has exclusive jurisdiction. Because the IRLL vests exclusive jurisdiction for matters relating to an insurance company's liquidation, the McCarran–Ferguson doctrine reverse preempts the Court's subject-matter jurisdiction. Further, Spirit notes that Gillett has submitted a claim for payment of the Sarman Judgment to the Liquidation Court, thus submitting to its jurisdiction. [DE 86 at 2183, Exh. 4].

But the Sixth Circuit has suggested that Kentucky's IRLL does not reverse-preempt the federal diversity jurisdiction statute. *Atkins v. CGI Techs. & Sols., Inc.*, 724 Fed. App'x 383, 388 (6th Cir. 2018) ("the district court's jurisdictional ruling, rejecting the Liquidator's argument that Kentucky's IRLL reverse-preempted the federal diversity jurisdiction statute, is consonant with Sixth Circuit law and the majority view among the circuits.") *AmSouth Bank*, 386 F.3d at 783 ("courts tend to look unfavorably on claims of McCarran–Ferguson preemption of . . . the removal statutes so as to insulate that action from the federal courts"); *Dykhouse v. Corp. Risk Mgmt. Corp.*, No. 91-1646, 1992 WL 97952 *2 n.9 (6th Cir. May 8, 1992) (unpublished per curiam decision) ("although the McCarran–Ferguson Act indicated Congress's intent to leave regulation of the insurance business largely to the states, there is no indication that Congress thereby intended to divest the federal courts of jurisdiction over state insurance claims").

Several Circuit Courts of Appeals and other federal district courts that have addressed this question have either rejected the argument or expressed doubt in applying McCarran–Ferguson to the federal diversity jurisdiction statute. *Beam Partners, LLC v. Atkins,* 340 F. Supp. 3d 627, 641 (E.D. Ky. 2018) citing *AmSouth Bank*, 386 F.3d at 783; *Hawthorne Savs. F.S.B. v. Reliance Ins. Co. of Ill.*, 421 F.3d 835, 843 (9th Cir. 2005), *Gross v. Weingarten*, 217 F.3d 208, 222 (4th

6

Cir. 2000); *Munich Am. Reins. Co. v. Crawford*, 141 F.3d 585, 595–96 (5th Cir. 1998); *Murff v. Prof'l Med. Ins. Co.*, 97 F.3d 289, 293 (8th Cir. 1996).

After reviewing these cases, the Court does not believe that Kentucky's IRLL reverse preempts this Court's diversity jurisdiction under the McCarran-Ferguson act. Instead, the Court believes the better course is to stay Gillett's claim against Spirit pending the Liquidation Court's action in Nevada under *Burford* abstention.

2. Should the Court exercise *Burford* abstention?

Abstention under *Burford v. Sun Oil Company*, 319 U.S. 315 (1943) is appropriate (1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would disrupt state efforts to establish a coherent policy with respect to a matter of substantial public concern. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans* (NOPSI), 491 U.S. 350, 361 (1989) (internal quotations and citation omitted).

The Sixth Circuit has stated in an unpublished *per curiam* decision that "*Burford* abstention is appropriate to avoid considering questions regarding state liquidation proceedings in order to protect the state's substantial interests in this regard, provided that no direct federal question is involved." *Dykhouse*, No. 91–1646, 1992 WL 97952, at *3. Here, there is no federal question and the issue is whether Spirit must pay damages to Gillett under an insurance policy issued by Spirit to Sarman.

Other federal courts have recognized *Burford* abstention as appropriate in a cases against insurance companies involved in state liquidation proceedings. *See e.g.*, *Callon Petro. Co. v. Frontier Ins. Co.*, 351 F.3d 204, 209 (5th Cir. 2003) ("We can certainly agree that, had the

7

Superintendent timely moved the district court to dismiss or stay this action on Burford grounds, it would have been proper, if not obligatory, for the district court to have done so."); *Lac D'Amiante du Quebec, Ltee v. Am. Home Assur. Co.*, 864 F.2d 1033, 1048 (3rd Cir.1988) ("[Burford] abstention and stay or dismissal [is] appropriate in the circumstance of a suit against an insurer in liquidation proceedings.") See, e.g., *Property and Casualty Ins. Ltd. v. Central Nat'l Ins. Co. of Omaha*, 936 F.2d 319, 321 n. 3 (7th Cir.1991); *Martin Ins. Agency Inc. v. Prudential Reinsurance Co.*, 910 F.2d 249, 254 (5th Cir.1990) (action brought in federal court against insolvent insurer not properly dismissed for lack of jurisdiction; instead, use *Burford* abstention); *Grimes v. Crown Life Ins. Co.,* 857 F.2d 699, 702 (10th Cir. 1988) (McCarran–Ferguson Act did not intend to divest federal courts of jurisdiction in diversity cases), *cert. denied*, 489 U.S. 1096 (1989); *Sonic Automotive, Inc. v Chrysler Insurance Co.*, No. 1:10-cv-717, 2012 WL 6170825 at *2 (S.D. Ohio Dec. 11, 2012) (*Burford* abstention exercised to stay case against insurance company involved in state liquidation proceedings).

The decision from *Emons Indus., Inc. v. Liberty Mut. Fire Ins. Co*., 545 F. Supp., 186 (S.D.N.Y. 1982) is persuasive. There, Plaintiff Emons Industries, Inc. ("Emons") brought a declaratory rights action against Reserve Insurance Company ("Reserve") seeking a declaration that Reserve was contractually obligated under a policy of liability insurance to indemnify *Emons* for certain products liability judgments. *Emons Indus., Inc.* 545 F. Supp. 185 at 185–86. The basis of subject-matter jurisdiction was diversity. *Id*. Reserve, an Illinois insurance company, was found insolvent and placed in liquidation under Illinois' version of the IRLL four years after Emons sued Reserve for a declaration of right. *Id.* at 190-91. The federal district court stayed Emons' declaratory rights claims against Reserve, over Emons' objection, because "where a claim is asserted in a New York action against a foreign insurer which is in receivership but where no

ancillary receiver has been appointed in New York, that claim must be adjudicated in the insurer's domiciliary state." *Id*. at 191.  The Court emphasized that Illinois' Uniform Insurers Liquidation Act's purpose is to provide a "'uniform, orderly and equitable method of making and processing claims against (a) defunct insurer . . .'"  *Id.* at 190.

Upon consideration of the parties' briefs on Spirit's motion for reconsideration, this Court will stay Gillett's claims against Spirit under the *Burford* abstention doctrine. In the context of a complaint seeking "both equitable [relief] and money damages," as in this case, "a federal court's discretion to abstain from exercising jurisdiction does not extend so far as to permit a court to dismiss or remand, as opposed to stay, an action at law." *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) citing *Superior Beverage Co., Inc. v. Schieffelin & Co.,* 448 F.3d 910, 913–14 (6th Cir.2006). But "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 785 (citation omitted). For these reasons, the Court will stay Gillett's claims against Spirit pending conclusion of the liquidation proceedings in Nevada.

### III.   CONCLUSION

For these reasons, having considered the above motion, it is **ORDERED** as follows:

(1) Spirit's Motion to Reconsider [DE 86] is **GRANTED IN PART** as set forth above;

(2) The Court **AMENDS** the last paragraph of Section II.B.7 of its prior ruling on Spirit's motion to dismiss [DE 74 at 2023] with this Order;

(3) Spirit's motion for a hearing [DE 103] is **DENIED**;

(4) Gillett's claims against Spirit are **STAYED** pending the conclusion of the liquidation proceedings pending in the Eighth Judicial District Court of the State of Nevada, Clark County, Nevada, Case No. A-19-7883225-B, Dept. No 27.

9

Rebecca Grady Jennings, District Judge
United States District Court

January 4, 2021

Copies to: Counsel